UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dave DelGiacco,<br><br>      Plaintiff,<br><br>  vs.<br><br>COX COMMUNICATIONS, INC., et al.<br><br>      Defendants. | Case No. SA 14-cv-0200-DOC(DFMx)<br><br>**PROTECTIVE ORDER RE:**<br>**CONFIDENTIAL INFORMATION** |

    The Court enters this Order in accordance with Rule 26 of the Federal Rules of Civil Procedure to protect the specific and serious privacy interests of non-parties to this action, including customers and employees of defendants, as well as trade secret and confidentiality interests of the parties to the above-captioned matter, and to expedite discovery without delay caused by possible disputes regarding claims of confidentiality of information, documents and things that may contain or constitute information protected from disclosure by statute, trade secrets, and any commercial, financial or other proprietary information.

Good cause exists for this Order in that Plaintiff seeks discovery from Defendants that includes information about subscribers of Defendant's services, non-party present and former employees of Defendants, and information which may include confidential business strategies. The private nature of such information is recognized by various California and Federal laws, including 47 U.S.C § 551, Cal. Cont. Art. 1, §1 and Cal Civ. Code § 3426 et. seq., therefore;

IT IS HEREBY ORDERED, pursuant to Federal Rule of Civil Procedure 26 that:

## I. SCOPE OF PROTECTIVE ORDER

**1.01 Scope of Order.**

This Order shall apply to discovery initiated by any of the parties to one or more other parties or to any third parties and shall apply to all information, documents, electronically stored information ("ESI"), and/or things in the possession of or under the control of any party or third party subject to discovery in this action. This Order shall further govern the production of documents and information supplied in this case in any form by a party and designated by that producing party as embodying "Confidential" material for purposes of discovery or otherwise.

## II. PROCEDURES FOR PROTECTION OF CONFIDENTIAL INFORMATION

**2.01 "Confidential" Information Defined.**

"Confidential" material shall include any non-public material that the Producing Party reasonably and in good faith believes contains or reveals legally protected private information of third parties, including, but not limited to, customers and employees of defendants, trade secrets; confidential research, development or commercial information. The scope of this Order shall include all copies, excerpts, summaries, or notes that are prepared or derived therefrom and that incorporate or reflect information contained in any Confidential material, as well as testimony and oral conversations derived therefrom or related thereto.

**2.02 Designation of Confidential Information.**

Each deposition transcript page or portion thereof, each interrogatory answer or portion thereof, each produced document or portion thereof, and each premise or thing or portion thereof which is deemed by the Producing Party to disclose confidential information (hereinafter "Confidential Information"), will be identified and labeled as "CONFIDENTIAL." Such identification and marking shall be made at the time when the Producing Party provides responses, documents, inspections, or things that it considers to be Confidential Information. In the case of deposition transcript pages, the designating party shall advise opposing counsel of the specific pages to be maintained in confidence, if any, within fourteen (14) days after the receipt of the transcript of the deposition, if such request for a confidential designation is not made at or during the deposition. If such request is made during the course of a deposition, no further action is required to maintain the transcript in confidence. During the 14-day period, the entire deposition transcript shall be deemed to be confidential.

Further, at the beginning of any physical inspection of any tangible item, premise, or thing or portion thereof, either party, through counsel, may declare the inspection itself, and any and all visual observations, measurements, drawings, depictions, photographic and/or videotaped images, audio-taped and/or transcribed audio-taped information, recordings of any kind, notes, and any documents received or generated related to the physical inspection as containing Confidential Information.

**2.03 Disputes as to Confidential Information.**

A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within twenty-one (21) days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective

CASE NO.:  SA 14-cv-0200-DOC(DFMx)___

**PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION**

Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

### III. AUTHORIZED USE OF CONFIDENTIAL INFORMATION

**3.01 Use of Confidential Information.**

Confidential Information shall not be used or shown, disseminated, copied or in any way communicated to any person for any purpose whatsoever, other than as required for the litigation of this case, including law and motion and trial of this action, including any appeals, and only in compliance with this Order.  Confidential Information shall not be used for competitive purposes.

No person shall under any circumstances sell, offer for sale, advertise or in any way disclose Confidential Information (e.g. no person shall permit the viewing, dissemination, copying, recording, duplicating, transmitting or sharing of Confidential Information). Counsel for Plaintiff or Defendants shall take necessary and reasonably proper precautions to prevent the unauthorized or inadvertent disclosure or distribution of any Confidential Information. Except with the prior written consent of counsel for the party designating the information or upon further order of this Court, disclosure of Confidential Information shall be limited to the following persons, who shall be referred to as "Qualified Persons":

(a) attorneys of record for any of the parties and necessary employees of the attorneys of record or the law firm of the attorneys of record in this case;

(b) all outside experts and consultants, who are not employees, officers, directors, or representatives of any party, retained by the parties and whose

assistance is necessary in the preparation and trial of this action and necessary employees of the outside experts and consultants or the firm of such experts and consultants;

(c) all named parties who have made an appearance in this lawsuit and their employees, representatives or administrators; and

(d) the judge and jury that hears this case at trial and any necessary court personnel.

(e) witnesses testifying at deposition or trial of this action.

Copies of Confidential Information bearing a label specified in paragraph 2.01 and 2.02 hereof shall not be disclosed to any person, other than the Qualified Persons of paragraph 3.01, by the party to whom they are produced, unless they become a part of the public record of this action.

**3.02 Prerequisites to Disclosure to Qualified Persons.**

No person listed in Paragraph 3.01 (a) - (c) and (e) shall be allowed access to Confidential Information unless each such person is (i) given a copy of this Order and thoroughly advised as to its terms by the respective party's attorney; and (ii) agrees in writing to strictly comply with the terms of this Order through completion of the form that is attached to this Order as Exhibit 1. For the persons listed in Paragraph 3.01 (a), the requirements of this Paragraph 3.02 can be met by the attorney of record completing the form attached as Exhibit 1 on behalf of the attorney and the attorney's agents or employees.

For each Qualified Person to whom disclosure of Confidential Information is made, each respective counsel shall retain a copy of the signed agreement pursuant to the requirements of the preceding paragraph.

**3.03 Depositions.**

The confidentiality requirements of this Order extend to oral depositions and depositions on written questions. Any individual not authorized by this Protective

Order to be a recipient of Confidential Information may be excluded from a deposition while such information is being elicited.

**3.04 Filing Confidential Information.**

The parties shall comply with Local Rule 79-5 when filing motions to seal and when filing Confidential Information under seal. Confidential Information shall not be filed with the Court except when required in connection with matters pending before the Court; however, Confidential Information and other papers filed under seal shall be available to the Court, to counsel of record, and to all other persons entitled to receive the Confidential Information contained therein under the terms of this Order.

**3.05 Use of Confidential Information during the course of litigation and at trial.**

Confidential Information may be included in whole or in part in pleadings, motions, briefs, or otherwise field with the court as necessary as long as the filing party complies with the requirements of Local Rule 79-5 outlined in paragraph 3.04, above.

**IV. PROCEDURES UPON THE CONCLUSION OF THIS LITIGATION**

**4.01 Return of materials containing Confidential Information.**

Within thirty (30) days after entry of dismissal or of final judgment in this action, including appeals, and upon written request, all documents and information, together with all copies thereof that have been and remain designated as including Confidential Information, shall be collected and returned to Plaintiffs and/or Defendant, as the case might be. Additionally, the parties' counsel shall cooperate in confirming that said documents and information in the possession of the Qualified Persons have been returned to Plaintiffs and/or Defendant, as the case might be. If requested by Plaintiffs or Defendant, all Qualified Persons to whom any Confidential Information was disseminated shall sign a certification to verify that all documents and materials in their possession, containing Confidential Information, have been returned. In the alternative, to the extent that documents designated CONFIDENTIAL reflect privileged communications or attorney work product, the Receiving Party may, in lieu

of returning such documents to the Producing Party, certify in writing to the Producing Party, within thirty (30) days of the termination of the litigation, that such documents have been destroyed.

**4.02 Continuing jurisdiction of the Court.**

This Order, insofar as it restricts the communication and use of Confidential Information, shall survive and continue to be binding after the conclusion of this action, and the Court shall retain jurisdiction over these parties and this matter for the purpose of ensuring compliance with the Order and granting such other and further relief as may be necessary.

## V. MISCELLANEOUS PROVISIONS

**5.01 Binding effect.**

This Order shall be binding upon the parties, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, employees, agents, independent contractors and other persons or organizations over which they have control.

**5.02 No waiver or admission.**

Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. The entry of this Protective Order shall not be construed as a waiver of any right to object to furnishing information in response to a discovery request or to object to a requested inspection of documents or things. Nothing contained in this Protective Order, and no action taken in compliance with it, shall: (a) operate as an admission by any party or person that any particular document or information is or is not confidential; (b) operate as a waiver of any claim or defense in this action; or (c) prejudice in any way the right of any party or person to seek a Court determination of whether or not particular documents or information should be disclosed or, if disclosed whether or not they should be deemed Confidential Information and subject to this Protective Order.

**5.03 Inadvertent Disclosure by Producing Party**.

The inadvertent and/or unintentional disclosure by the Producing Party of Confidential Information, either by way of document production or by deposition testimony, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or concerning the same or unrelated subject matter. Any such inadvertently or unintentionally disclosed material by a Producing Party not designated as such at the time of its release shall be designated as CONFIDENTIAL as soon as reasonably possible after the Producing Party becomes aware of the erroneous release and shall thereafter be treated as confidential hereunder. No liability shall attach for the Receiving Party's disclosure of inadvertently or unintentionally disclosed Confidential Information from the time of receipt of that material until such time as the Producing Party properly designates it as confidential.

**5.04 Privileges and Objections**.

Nothing in this Order shall preclude any party from asserting the attorney-client, work product, or any other applicable privilege as to any document or information. It is understood and agreed that nothing herein constitutes a waiver of the right of any party to raise or assert any objections, including but not limited to defenses or objections with respect to the use, relevance, or admissibility at trial of any evidence. This Order shall not be construed as a waiver by any party of any legally cognizable privilege or protection to withhold any document or information, or of any right that any party may have to assert such privilege or protection at any stage of the proceeding.

**5.05 Relief from Order.**

Any person may request the Court to grant relief from any provisions of this Protective Order.

**5.06 Exclusions.**

Nothing herein shall impost any restrictions on the use or disclosure by any party or any witness of documents or information obtained lawfully by any party or any witness independently of the discovery proceedings in this action, whether or not such documents or information are also obtained from Plaintiff or Defendants, as the case might be, in this action. Nothing in this Protective Order shall prevent a party or non-party from using or disclosing its own documents for any purpose, regardless of whether they are designated Confidential under this Protective Order. Nothing in this Protective Order shall prevent a party from disclosing information to any person who authored, or who otherwise lawfully received or possessed such information, including, without limitation, for purposes of obtaining additional discovery from that person. Nothing in this Protective Order is intended or should be construed as authorizing a party to disobey a lawful subpoena in another action.

**5.07** The Court retains the final and complete authority to redesignate any confidential document as a public document.

ORDERED this 19th day of September 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

Approved as to form:

DATED: July 23, 2014                    LAW OFFICES OF MARK MAZDA


                                        By: /s/ Mark Mazda____
                                            Mark Mazda

                                        Attorneys for Plaintiff


DATED: July 23, 2014                    FERRIS & BRITTON, APC


                                        By: /s/W. Lee Biddle___
                                            Michael R. Weinstein
                                            W. Lee Biddle

                                        Attorneys for Defendants
                                        COX COMMUNICATIONS
                                        CALIFORNIA, LLC, COXCOM, LLC,
                                        and COX COMMUNICATIONS, INC.

*Pursuant to Local Rule 5-4.3.4 the filer of this document, W. Lee Biddle, attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*


# EXHIBIT 1

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, hereby declare that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective Order in this case.

5. I have carefully read and understand the provisions of the Protective Order.

6. I agree to be bound by the terms of the Protective Order, and to use the information provided to me only for the purposes of this action.

7. I will hold in confidence and not disclose to anyone not qualified under the Protective Order, any Confidential Information or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

8. I will return all Confidential Information and summaries, abstracts and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

9. I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

10. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of this Protective Order.

_____

By:_____

**CASE NO.:  SA 14-cv-0200-DOC(DFMx)___**

**PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION**